725 F.2d 1280
 4 Soc.Sec.Rep.Ser. 77
 John BROZ, Plaintiff-Appellee,
v.
Margaret M. HECKLER, Secretary of Health & Human Services, a
Department of the United States Government,
Defendant-Appellant.
Richard D. HOLMES, Plaintiff-Appellee,
v.
Margaret M. HECKLER, The Secretary of Health and Human
Services, Defendant-Appellant.
Corrine LITTLE, Plaintiff-Appellee,
v.
Margaret M. HECKLER, Secretary of the Department of Health
and Human Services, Defendant-Appellant.
Thomas O. JONES, Plaintiff-Appellee,
v.
Margaret M. HECKLER, Secretary, Department of Health and
Human Services, Defendant-Appellant.
Fred SOESBE, Plaintiff-Appellee,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellant.
 Nos. 81-7140, 81-7143, 81-7336, 81-7370 and 81-7466.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 9, 1984.
 
 Thomas H. Figures, Ginny S. Granade and E.T. Rolison, Jr., Asst. U.S. Attys., Mobile, Ala., Ann Buxton Sobol, Federal Programs Branch, Robert S. Greenspan, Nicholas S. Zeppos, Dept. of Justice, Civ. Div., Washington, D.C., for defendant-appellant.
 Joseph E. Carr, IV, Legal Services Corp. of Alabama, Mobile, Ala., for Broz.
 Steven Emens, Alabama Legal Services, Tuscaloosa, Ala., for Holmes.
 Michael J. Salmon, Gulf Shores, Ala., for Little.
 Daniel L. McCleave, Mobile, Ala., for Jones.
 Nettles, Cox & Barker, J.F. Janecky, Mobile, Ala., for Soesbe.
 Appeals from the United States District Court for the Southern District of Alabama.
 Before GODBOLD, Chief Judge, and HENDERSON and MERRITT*, Circuit Judges.
 
 BY THE COURT:
 
 1
 On numerous appeals pending in this court and awaiting decision of this case, counsel have been invited to consider and comment on whether in their respective case(s) the Secretary might have denied benefits because she relied on age as a categorical factor rather than making an individualized determination about the claimant's ability to adapt to a new work environment.
 
 
 2
 In pending cases in which counsel have not previously been invited to do so, they are invited to file comments no later than April 2, 1984. To aid in its consideration the court would like information concerning whether, given the claimant's physical ability, education, and work experience (as determined by the Secretary or as alleged on appeal by the claimant), the regulations deny assistance to a person in the claimant's age group but grant assistance to a person in an older age group. The court also desires a statement addressing whether the claimant can establish that his diminished capacity to adapt to a new work environment is equivalent to that which the regulations presume persons in an older age to have.
 
 
 3
 Comment by a claimant should include the following information:
 
 
 4
 (1) The Secretary's classification of the claimant's physical ability, education, and work experience and, where the claimant disputes the Secretary's classification, the allegedly proper classification.
 
 
 5
 (2) The claimant's age.
 
 
 6
 (3) Whether, given the classification in (1), the current regulations deny assistance to a person in the claimant's age group but grant assistance to a person in an older age group.
 
 
 7
 (4) Whether the claimant can establish that his diminished ability to adapt to new jobs because of his age is the equivalent of that which persons in an older age group are presumed by the regulations to have.
 
 
 8
 After April 2, 1984, counsel are responsible for raising on their own motion the issue of the Secretary's treatment of age as a categorical factor. The mandate in this case is withdrawn for the purpose of issuing this order. The mandate will be re-issued forthwith.
 
 
 
 *
 Honorable Edward S. Merritt, U.S. Circuit Judge for the Sixth Circuit, sitting by designation